**COSTELLO & MAINS, LLC**
By: Deborah L. Mains
18000 Horizon Way
Suite 800
Mt. Laurel, New Jersey 08054
(856) 727-9700
Attorneys for Plaintiffs

---

| | |
|---|---|
| CRISTINA COLOSIMO, individually and on behalf of herself and all others similarly situated, | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
| Plaintiff(s), | |
| vs. | **Electronically filed** |
| | Civil Action No. |
| FLAGSHIP RESORT DEVELOPMENT, LLC, t/a and/or d/b/a FANTA SEA RESORTS, and JOHN DOES 1-5 and 6-10, | |
| | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

---

Plaintiff Cristina Colosimo ("plaintiff"), individually and on behalf of herself and and all others similarly situated, by way Complaint against the defendant, says:

## Preliminary Statement

1. This action is brought by plaintiff for and in behalf of herself and other employees similarly situated ("similarly situated employees") to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 201, et seq. ("FLSA") and New Jersey State Wage and Hour Law.

2. Plaintiff seeks for herself and similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable

attorneys' fees, and all other appropriate, legal and equitable relief pursuant to 29 U.S.C. Secs. 216(b) and 217 and the New Jersey Wage and Hour Law.

## Jurisdiction and Venue

3. Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.

4. Because defendants are residents of the district of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

## Parties

5. Plaintiff Cristina Colosimo resides at 243 Barnes Lane, Toms River, NJ 087534. At all pertinent times herein, plaintiff Colosimo was employed by defendant.

6. Defendant Flagship Resort Development t/a and/or d/b/a Fanta Sea Resorts ("FRDC") is a corporation engaged in the business of marketing and selling time share units in Atlantic City and neighboring communities and is an employer within the meaning of 29 U.S.C. Sec 203 and the New Jersey Wage and Hour Law and maintains its principal place of business at 60 North Main Avenue, Atlantic City, NJ.

7. Upon information and belief, FRDC has had an continues to have annual gross revenues of not less than $500,000.00 during all relevant times herein.

8. At all relevant times herein, defendants John Does 1-5 and 6-10, currently unknown are, in the alternative, individuals on the one hand and other business entities on the other, who are liable to the plaintiffs as a result of their own acts or on the basis of *respondeat superior*.

## State Law Class Action Averments

9. All class members share the same legal status, in the sense that they are nonexempt employees of the defendant who were misclassified as contractors were not paid overtime for work in excess of 40 hours in a work week during the actionable time period.

10. The class members share the same legal avenues of recovery and/or are operating under the same legal theories.

11. While the class members may be entitled to differing amounts of money from the defendants, all of their claims stem from the same legal theories and from the same laws, namely, the New Jersey Wage and Hour Law and/or the Fair Labor Standards Act, along with associated administrative regulations and common law determinations appurtenant thereto.

12. It is thus proper that the members of the class have their claims adjudicated in the same action.

13. The members of the class are also so numerous that joinder of all members would be impracticable.

14. The questions of law and fact which predominate in the action are common to the class members with the exception of the job title of each class member, as there are more than one title affected, and with regard to the exact money due each.

15. The claims or defenses of the putative representatives and of the defendants in answer to those claims are, in turn, typical of the claims of the class and defenses thereto.

16. The representatives will fairly and adequately protect the interests of the class members.

17. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which might in turn establish incompatible standards of conduct as to the parties opposing the class.

18. Adjudication with respect to individual members of the class would not be dispositive of the interest of the other class members who are not parties to the adjudication.

19. Rather, adjudication of the class as a whole would best serve the interest of judicial economy.

20. The parties opposing the class acted or refused to act on grounds generally applicable to the entire class thereby rendering appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

21. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

22. The class action form of action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. The New Jersey Wage and Hour Law specifically contemplates a class action of this type as an efficient and appropriate means of resolution of such individual claims as would be asserted by each putative class member.

24. The interests of the individual members of the class individually controlling the prosecution and/or defense of separate actions are inferior to the judicial economy of all parties and to the system generally in the form of a class action.

25. The class action will not be unduly difficult to manage.

## FLSA Collective Action Averments

26. The Fair Labor Standards Act specifically contemplates and permits collective actions in which putative "class" members are provided notice of the action and permitted to opt in to the action.

27. All potential collective action plaintiffs are sufficiently similarly situated, within the meaning of the FLSA, to permit efficient adjudication of claims as a collective action.

## General Allegations

28. FRDC markets and sells time-share units in Atlantic City and its neighboring shore communities.

29. FRDC employs and/or employed Plaintiff and similarly situated employees to provide information to prospective time-share buyers, obtain sales of time-share units to buyers, including negotiation and consummation of sales of the time-share units.

30. FRDC required Plaintiff and similarly situated employees to execute a purported Independent Contractor – Sales Agent Agreement, thereby classifying Plaintiff and similarly situated employees as independent contractors rather than employees.

31. FRDC has classified Plaintiff and similarly situated employees as independent contractors rather than employees despite the existence of an Order of the

United States District Court for the District of New Jersey entered on _____, 2012 in which the court found, that individuals performing time-share sales for FRDC as putative independent contractors were, as a matter of law, employees within the meaning of the FLSA. A copy of the Order and Opinion Entering Summary Judgment is attached hereto as Exhibit "A."

32. Plaintiff and similarly situated employees sold, among other things, deeded timeshares, travel club programs, trial memberships, vacation clubs and/or upgrades to existing memberships.

33. Plaintiff and similarly situated employees were compensated on a commission basis.

34. During their employment with defendant, plaintiff regularly worked more than 40 hours per week, but was paid for only 40 hours of work during each such week.

35. Upon information and belief, at all pertinent times herein, other sales employees have regularly worked more than 40 hours per week, but have been paid for only 40 hours for each such week.

36. Defendant has improperly classified Plaintiff and similarly situated employees as independent contractors.

37. Defendant has failed to pay overtime at one and one half times Plaintiff's and similarly situated employees' regular hourly rate for hours worked in excess of forty per week.

38. Defendant's misclassification of Plaintiff and similarly situated employees has resulted in Defendant's failure to make proper deductions and withholdings from Plaintiff's and similarly situated employees' paychecks, specifically:

a. Defendants have not made social security contributions on behalf of Plaintiff and similarly situated employees;

b. Defendants have not made appropriate federal and state tax withholdings and submitted them to the appropriate taxing authorities;

c. Defendants have not paid appropriate unemployment compensation insurance or state disability payments;

39. In light of the decision by the United States District Court in 2012, in which the question of the employment status of the individuals employed by defendants to perform time-share sales, FRDC's continued misclassification and failure to pay overtime is willful within the meaning of the FLSA.

40. In light of the decision by the United States District Court in 2012, defendants can assert no affirmative defense of a good faith effort to comply with the law.

## COUNT I

### FLSA failure to pay overtime

41. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 40 of the Complaint as if recited at length herein.

42. Plaintiff and similarly situated employees have regularly worked more than 40 hours in a workweek.

43. Defendant has failed to pay plaintiff and similarly situated employees overtime for hours worked in excess of 40 in a workweek.

44. Defendant, by the above acts, has violated 29 U.S.C. Sec. 207.

45. Said violations have been willful within the meaning of 29 U.S.C. Sec. 255(a).

46. Plaintiff and similarly situated employees have suffered, are now suffering and will continue to suffer monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

47. No previous application has been made for the relief requested herein.

**WHEREFORE**, plaintiffs respectfully request that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the FLSA;

(b) declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

(c) enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

(d) directing defendant to make plaintiff and similarly situated employees whole for all unpaid overtime wages due as a consequence of defendant's violations of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

(e) directing defendant to pay plaintiff and all similarly situated employees an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(f) awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b).

(g) granting such other and further relief as this Court deems necessary and proper.

## COUNT II

### NJWHL failure to pay overtime

48. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 47 of the Complaint as if recited at length herein.

49. Plaintiff and similarly situated employees have regularly worked more than 40 hours in a workweek.

50. Defendant has failed to pay plaintiff and similarly situated employees overtime for hours worked in excess of 40 in a workweek.

51. Defendant, by the above acts, has violated N.J.S.A. 34:11-56a4.

52. Plaintiff and similarly situated employees have suffered, are now suffering and will continue to suffer monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

53. No previous application has been made for the relief requested herein.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the NJWHL;

(b) directing defendant to make plaintiff and similarly situated employees whole for all unpaid overtime wages due as a consequence of defendant's violations of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

(c) awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in N.J.S.A 34:11-56a25.

(d) granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

**COSTELLO & MAINS, LLC**


By: ___/s/ Deborah L Mains___
    Deborah L. Mains

18000 Horizon Way, Suite 800
Mt. Laurel, NJ 08054
856-727-9700
856-727-9797 (fax)
dmains@costellomains.com
Attorneys for Plaintiffs

Dated: May 31, 2017

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through her above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.