UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CRISTINA COLOSIMO, individually and on behalf of herself and all others similarly situated, | : : | Hon. Joseph H. Rodriguez Civil Action No. 17-3969 |
| Plaintiff(s), | : | OPINION |
| v. | : | |
| FLAGSHIP RESORT DEVELOPMENT CORPORATION, | : : | |
| Defendant. | | |

This matter is before the Court on Plaintiff's Motion for Conditional Class Certification. Having considered the parties' submissions, the Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, this Court grants Plaintiff's motion.

## Background

Plaintiff initiated this proposed collective action pursuant to the Fair Labor Standards Act ("FLSA") on behalf of nonexempt employees of the Defendant who were misclassified as contractors and not paid overtime for work in excess of 40 hours in a work week. Plaintiff alleges Defendant failed to pay overtime compensation in violation of the FLSA and the New Jersey Wage and Hour Law.

Plaintiff was employed as a salesperson by Defendant, which is in the business of marketing and selling timeshare units in Atlantic City and neighboring communities. Plaintiff sold deeded timeshares, travel club programs, trial memberships, vacation clubs and/or upgrades to existing memberships. Defendant required Plaintiff to execute an Independent Contractor – Sales Agent Agreement, classifying Plaintiff as an independent contractor rather than an employee. Plaintiff alleges that she regularly worked more than 40 hours per week but was paid for only 40 hours of work during each week; she also states that she was compensated on a commission basis.

On April 5, 2018, Plaintiff filed a Motion for Conditional Collective Action Certification with respect to the FLSA claim for all current and former employees of Defendants who were engaged in the sale of time shares or other products and services at any of Defendants' locations at any time during the three-year period prior to the date the Complaint in this action was filed.[1] In addition, Plaintiff seeks from Defendant the names, addresses, and phone numbers of all potential members of the class and

---

[1] This three-year time limit comports with the statute of limitations for the FLSA, which is three years for willful violations and two years for non-willful violations. *See* 29 U.S.C. § 255(a).

for leave to send notice to potential class members. Specifically, Plaintiff seeks conditional certification of this action under 29 U.S.C. § 216(b) and notice to the following similarly situated employees:

> Any and all employees engaged in the sale of timeshares or other products and services that (i) are/were not paid overtime compensation at a rate not less than one and one-half times their regular rate for each hour worked beyond forty (40) hours during a work week; and (ii) choose to opt-in to this action.

Discussion

Section 216(b) the FLSA provides that an employee may bring a suit regarding minimum-wage, maximum-hour, and overtime violations against the employer individually, or, collectively on behalf of other "similarly situated" employees. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). Those employees must affirmatively opt in to a collective action by filing written consent with the court if they wish to become parties to a collective action. *Id.*

Courts in the Third Circuit apply a two-step certification process to FLSA collective actions. *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016). The first step, conditional certification, requires only a "modest factual showing" that there is a "factual nexus between the manner in which the employer's alleged policy affected [the named plaintiff] and the manner in which it affected the proposed

collective action members." *Id.* The second step, final certification, is where the court "makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff." *Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68, 78 (D.N.J. 2014) (internal quotation marks omitted). "The 'sole consequence' of conditional certification is the dissemination of court-approved notice to potential collective action members." *Id.* "At the second stage, with the benefit of discovery, 'a court following this approach then makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff.'" *Camsei v. University of Pittsburgh Medical Center*, 729 F.3d 239, 243 (3d Cir. 2013) (quoting *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 193 (3d Cir. 2011), rev'd on other grounds, *Genesis Healthcare*, 569 U.S. 66).

Courts apply a "fairly lenient standard" in making a preliminary determination about whether the named plaintiffs have made a "modest factual showing" that the employees identified in the complaint are "similarly situated." *Camesi*, 729 F.3d at 243 (quoting *Zavala v. Wal Mart Stores, Inc.*, 691 F.3d 527, 535-36 n.4 (3d Cir. 2012)). Relevant factors regarding the "similarly situated" analysis include, but are not limited to,

4

whether the plaintiffs (1) are employed in the same department, division, and location; (2) advance similar claims; (3) seek substantially the same form of relief; and/or (4) have similar salaries and circumstances of employment. *Zavala*, 691 F.3d at 536-37. Ultimately, under this "modest factual showing" standard, "a plaintiff must produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected him/her and the manner in which it affected other employees." *Zavala*, 691 F.3d at 536 n.4 (quoting *Symczyk*, 656 F.3d at 193) (additional citation and quotation marks omitted). The Third Circuit has noted that "[b]eing similarly situated does not mean simply sharing a common status, like being an illegal immigrant. Rather, it means that one is subjected to some common employer practice that, if proved, would help demonstrate a violation of the FLSA." *Zavala*, 691 F.3d at 538.

In this case, Plaintiff contends that all employees of Defendant who were engaged in the sale of time shares or other products and services are similarly situated under the FLSA as they are all nonexempt employees subject to similar working conditions who performed their services exclusively on Defendant's property and were compensated by a combination of salary and/or commission.

Plaintiff was employed by Defendant from December 2015 through June 2016. She was required to adhere to the schedule determined by management, which regularly had her working in excess of 40 hours per week. Plaintiff estimates that at any given time, there were 20-30 sales people similarly employed by Defendant, with a high rate of turnover. All of these employees were subject to Defendant's policy of not compensating for overtime.

Having considered Plaintiff's Certification, the Court finds that she has made the modest factual showing required for a determination that the putative collective members are similarly situated. The Court therefore will grant Plaintiff's motion for conditional certification.

Upon conditional certification of a collective action, a court has discretion to provide court-facilitated notice. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Such notice ensures that the employees receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether the participate." *Id.* The notice also "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cut off dates to expedite the disposition of the action." *Id.* at 172.

Plaintiff's proposed notice includes a description of the lawsuit, an explanation of who is eligible to receive the notice, the right of the putative class members to participate, the effect of opting-in or choosing not to, and instructions on how to opt-in. The Court will approve Plaintiff's proposed notice.

Plaintiff also seeks from Defendant the names, addresses, and phone numbers of prospective class members to facilitate effective dissemination of the notice. It is appropriate for a district court to permit discovery of the names and addresses of employees within the class description. See *Hoffmann-La Roche Inc.*, 493 U.S. at 170. Therefore, the Court will grant Plaintiff's request for names, addresses, and phone numbers of potential class members.

## Conclusion

For the reasons stated above, Plaintiff's Motion for Conditional Certification will be granted. The Court will issue an appropriate Order.

Dated: March 25, 2019                    s/ Joseph H. Rodriguez
                                                         JOSEPH H. RODRIGUEZ
                                                            U.S.D.J